# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**ANTHONY R. BARNES,**

                    **Petitioner,**

        **v.**                                **CASE NO. 18-3134-SAC**

**WARDEN SAM CLINE,**

                    **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner, a prisoner in state custody, proceeds pro se and in forma pauperis.

### Background

Petitioner was convicted in the District Court of Sedgwick County, Kansas, of first-degree premeditated murder and aggravated assault. *State v. Barnes*, 262 P.3d 297 (Kan. 2011)("Barnes I"). On appeal, he presented five issues for review: (1) whether the trial judge erred by failing to investigate petitioner's competency to stand trial rather than accepting his waiver of jury trial; (2) whether petitioner's waiver of a jury trial was knowing and voluntary; (3) whether there was sufficient evidence of petitioner's possession of the requisite mental state for first-degree premeditated murder and aggravated assault; (4) whether the trial judge erred in relying on petitioner's criminal history score to impose sentence when his criminal record was not proven to a jury; and (5) whether the trial judge erred in sentencing petitioner to the high number in the range assigned to the presumptive grid box for the aggravated assault. The Kansas Supreme Court rejected these claims and affirmed the conviction

and sentence.

Petitioner then filed a pro se motion under K.S.A. 60-1507 presenting claims of ineffective assistance of counsel and other claims. The state district court appointed counsel and held a preliminary hearing and then dismissed the motion, concluding that the record conclusively showed petitioner was not entitled to relief. On appeal, petitioner raised only a claim of ineffective assistance of counsel arising from the failure to call as a witness John Wisner, M.D., a clinical associate professor at the Kansas University School of Medicine who evaluated petitioner and prepared a report in January 2007.

The Kansas Court of Appeals reversed in part and remanded the matter to the district court for an evidentiary hearing "on Barnes' claim that his trial counsel was ineffective in presenting a mental disease or defect defense, including but not limited to his trial counsel's failure to present a medical expert as a witness at trial." *Barnes v. State*, 340 P.3d 1236 (Table), 2014 WL 7653859, * 1 (Kan. App. Dec. 24, 2014), *rev. denied* Jun. 29, 2015 ("Barnes II").

On remand, the district court conducted an evidentiary hearing at which petitioner, his trial defense counsel, and Dr. Wisner testified. After considering the evidence, the trial judge rejected the claim of ineffective assistance of counsel, finding that counsel's decision to stipulate to Dr. Wisner's report was a strategic decision and that petitioner had failed to show that the outcome of the trial would have been different had Dr. Wisner been called to testify. Petitioner appealed that decision, and the Kansas Court of Appeals affirmed. *Barnes v. State*, 383 P.3d 196 (Table), 2016 WL 6393386 (Kan. App. Oct. 28, 2016), *rev. denied*, Aug. 29, 2017 ("Barnes III").

Petitioner filed the federal petition for habeas corpus on May 31, 2018. The Court conducted an initial review of the petition and directed petitioner to show cause why this matter should not be dismissed as time-barred under the one-year limitation period in 28 U.S.C. § 2244(d).

Petitioner responded to the order to show cause, stating that in October 2017, he mailed paperwork to the courts by electronic filing prior to the expiration of the limitation period. being time-barred. He states that he then wrote the court clerk's office to see if his paperwork was received. He received no response, and in February 2018, he sent a second letter to the clerk to inquire about his case. In March 2018, he received a response from the district court stating that he had submitted the wrong paperwork and providing the correct paperwork.

Because the Court found no record of the October 2017 and February 2018 transactions described by petitioner, it required him to provide a copy of any response or Notice of Electronic Filing (NEF) to support his response. Petitioner's response includes copies of a pleading captioned at "Motion – 2254" in the District Court of Sedgwick County (Doc. 6, pp. 3-9), and a letter addressed to the Clerk of the Sedgwick County District Court and notarized on February 28, 2018 (*id.*, p. 17).

## Discussion

### Equitable tolling

The one-year limitation period under § 2244(d) "is subject to equitable tolling." *Holland v. Florida*, 560 U.S. 631, 645 (2010). Such tolling is limited to "rare and exceptional circumstances." *Sigala v. Bravo*, 656 F.3d 1125, 1128 (10th Cir. 2011)(internal quotation marks omitted). Such tolling may be available "when a prisoner actively

pursues judicial remedies but files a defective pleading during the statutory period." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)(citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Here, petitioner has provided some evidence of a filing in the wrong court, the state district court, in November 2017. And, as the Court has previously calculated the expiration date of the limitation period as November 24, 2017[1], the petitioner may have filed the petition within the limitation period. If so, he arguably is entitled to equitable tolling, and the Court assumes so for the limited purpose of screening the petition.

**Exhaustion of state court remedies**

Before a state prisoner may proceed in a federal habeas corpus petition, the prisoner must establish that he has exhausted any remedies available in the state courts. 28 U.S.C. § 2254(b)(1). A federal issue is considered exhausted when "it has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994)(citation omitted). The claim must be "fairly presented to the state courts" to allow them the "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Prendergast v. Clements*, 699 F.3d 1182, 1184 (10th Cir. 2012). The petitioner has the burden of demonstrating that he has exhausted available state court remedies. *See McCormick v. Kline*, 572 F.3d841, 851 (10th Cir. 2009).

A habeas petition that contains both exhausted and unexhausted claims is called a "mixed petition". *Pliler v. Ford*, 542 U.S. 225,

---

[1]Doc. 3, p. 4.

227 (2004). In general, a federal court may not adjudicate a mixed habeas petition and must dismiss such a petition in its entirety. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982). However, in appropriate circumstances, the federal court has other options. First, a district court may stay and abate the habeas action, allowing the petitioner to return to state court to exhaust the unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). This course is appropriate only if the petitioner shows good cause for the failure to exhaust, the claims are potentially meritorious, and there is no evidence that the petitioner was intentionally dilatory in pursuing the unexhausted claims. *Id*. at 278.

Next, a petitioner may choose to dismiss the unexhausted claims and proceed only on the claims that were properly exhausted. *Wood v. McCollum*, 833 F.3d 1272, 1273 (10th Cir. 2016).

Finally, the Court may deny the petition on the merits in its entirety despite the failure to exhaust. 28 U.S.C. § 2254(b)(2). This course is an adjudication on the merits and a denial of both the exhausted and unexhausted claims. *See Moore v. Schoeman*, 288 F.3d 1231, 1235-36 (10th Cir. 2002).

The petition presents three grounds for relief: (1) petitioner claims he received ineffective assistance of counsel at trial; (2) petitioner alleges his trial counsel erred in failing to present an expert at trial or during sentencing; and (3) petitioner alleges judicial misconduct, claiming the judge violated his rights under the Fourteenth Amendment and that the judge "put herself on the level of an expert psychologist during trial and at sentencing." (Doc. 1, p. 8.)

The Court's review of the state court decisions shows first, that

petitioner properly exhausted his claim concerning the failure of his trial counsel to present an expert witness at trial or during sentencing. That claim was the subject of an evidentiary hearing before the trial court in petitioner's action under K.S.A. 60-1507 and was presented in petitioner's appeal in that action. *Barnes III*. However, the state court decisions also reflect that petitioner, proceeding with counsel, waived other claims alleging ineffective assistance of counsel by failing to present them on appeal in the 1507 action. *Barnes II,* 2014 WL 7653859, at *4 ("on appeal, Barnes has raised only ineffective assistance of counsel arguments relating to his mental disease and defect defense. As a result, the remaining issues raised by Barnes in his K.S.A. 60-1507 motion … but not argued on appeal are deemed waived and abandoned."). Finally, petitioner has not presented his claim alleging judicial misconduct in the state courts, which he acknowledges in the petition (Doc. 1, p. 8).

Because this matter presents a mixed petition, the Court has considered the three options. First, the Court rejects the option to stay and abate this matter, because petitioner presents both claims that he abandoned on appeal and a new claim. He may not now present the abandoned claims in the state courts[2], and he offers no specific support for his claim of judicial misconduct, citing only "new evidence". The Court cannot find on that statement alone that he has

---

[2] Federal habeas petitioners may not obtain review of claims raised in a habeas petition "that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998) (citing *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991)). Petitioner has not suggested that he can satisfy any part of this standard.

presented a meritorious claim that warrants a stay of this matter. Next, petitioner may choose to dismiss the unexhausted claims and allow this matter to proceed on the single exhausted claim, namely, that his counsel provided ineffective assistance by failing to present an expert witness at trial and sentencing. Finally, the Court may deny the entire petition on its merits, a course the Court declines to take at this stage in a petition that contains a properly exhausted claim.

Accordingly, the Court will direct petitioner to advise whether he wishes to dismiss the unexhausted claims and allow this matter to proceed. If he declines, the Court will dismiss this matter as a mixed petition.

**Motions**

Two motions filed by petitioner are pending. In the first, captioned as "motion abeyance to exhaust" (Doc. 7), he asks the Court to send his motion to the state district court to consider his claims based upon new evidence. In the second, captioned as "motion for release of information" (Doc. 8), he seeks the release of medical documents concerning every medication and every medical appointment from 2000 to November 2005, and information from the pharmacy concerning two prescriptions.

The Court will deny these motions. The Court denies the first motion because it has concluded that petitioner has not adequately identified a meritorious new claim that warrants a stay to allow him to return to the state courts.[3]

Next, the Court denies the second motion because petitioner

_____

[3] Although the Court will not send this matter to the state district court as requested, this ruling does not prevent petitioner from commencing an action in state court. The Court offers no opinion on the merits of such an action.

provides no explanation for his request for medical documents and information. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Curtis v. Chester*, 626 F.3d 540, 549 (10th Cir. 2010)(quoting *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)). Under Rule 6 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, the federal habeas court may allow discovery if the petitioner provides reasons for the requested discovery and the court finds good cause is shown. Here, petitioner has not shown good cause for the discovery he requests.

### Conclusion

For the reasons set forth, the Court directs petitioner to notify the Court on or before **April 6, 2020,** whether he wishes to dismiss the unexhausted claims and proceed with the exhausted claim in his petition. If he fails to do so, the Court will dismiss the petition as a mixed petition.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is granted to and including **April 6, 2020,** to advise the Court whether he will dismiss the unexhausted claims in this petition and proceed on the sole exhausted claim.

IT IS FURTHER ORDERED petitioner's motion to remand (Doc. 7) and motion for release of information (Doc. 8) are denied.

**IT IS SO ORDERED.**

DATED:  This 6th day of March, 2020, at Topeka, Kansas.


s/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge